IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MATTHEW COLE LEATH | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: 1:08cv358 |
| | § | |
| VS. | § | |
| | § | |
| TRACER CONSTRUCTION COMPANY | § | |
| AND TYCO THERMAL CONTROLS, LLC | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, MATTHEW COLE LEATH, and files this his Motion for Partial Summary Judgment regarding the enforceability of non-compete obligations claimed by the Defendants, Tracer Construction Company and Tyco Thermal Controls, LLC, which non-compete provisions were the basis of Plaintiff's original request for declaratory relief, and in support of said Motion would show unto the Court as follows:

### History of Litigation / Basis of Motion

1.  This cause of action arises out of claims by the Plaintiff, Matthew Cole Leath, that certain non-compete provisions contained within certain agreements executed by Matthew Cole Leath and his former employers, Tracer Construction Company and Tyco Thermal Controls, LLC (hereinafter jointly referred to as "Tracer/Tyco"), are unenforceable as against Matthew Cole Leath as a matter of law. More particularly, Plaintiff's initial Complaint sought declaratory relief from the Court that the non-compete provisions contained within that certain Confidentiality and Non-Compete Agreement executed by Plaintiff incident to his employment with Tracer/Tyco, an exemplary copy of which is attached hereto as Exhibit "A", are unenforceable as a matter of law in that same do not comply with the provisions of Section 15.50 of the Texas Business & Commerce Code which control, exclusively, the enforceability of

non-competition agreements applicable to Texas employers. As detailed more particularly hereinafter, Plaintiff, Matthew Cole Leath (hereinafter "Leath"), is entitled to judgment, as a matter of law, that the non-compete provisions contained within the Agreement attached hereto as Exhibit "A", hereinafter referred to as the "Non-Compete Agreement", are unenforceable as a matter of law and that Plaintiff is entitled to a partial summary judgment incident to Plaintiff's request for declaratory relief.

### History of Non-Competition Agreements in Texas

2.  Prior to the modification of Chapter 15 of the Texas Business & Commerce Code, the enforceability of non-competition agreements within the state of Texas were governed by the common law. In fact, prior to the enactment of Chapter 15 of the Texas Business & Commerce Code, non-competition agreements incident to employment arrangements were generally deemed unenforceable, for various reasons, including particularly the fact that same were inappropriate restraints on trade. In fact, employment related non-compete agreements in Texas, and the law interpreting same, was so confusing that it was arguable that prior to the enactment of Chapter 15 of the Texas Business & Commerce Code, such employment related non-compete agreements in Texas were historically no more valuable in the employment at will context, than the paper upon which they were written.

3.  Due to a necessity to provide ways for employers to protect disclosure of confidential and proprietary information to their employees, the Legislature adopted the Covenant Not to Compete Act in 1989. This legislation has been amended on several occasions, including the current version detailed in Subchapter E of Chapter 15 of the Texas Business & Commerce Code, which subchapter is entitled "Covenants Not to Compete". It is this subchapter, including particularly Section 15.50 through Section 15.52 of the Texas Business & Commerce Code that controls the enforceability of non-compete provisions within Texas, including the non-compete provisions made the basis of the instant Motion.

4.     It is important to note, however, that the provisions of Subchapter E dealing with the enforceability of non-compete provisions fall within the broader Chapter 15 of the Texas Business & Commerce Code, which is appropriately named "Monopolies, Trusts and Conspiracies in Restraint of Trade". In particularly, Section 15.05 of the Texas Business & Commerce Code, including particularly subpart (a) of said provision provides "every contract, accommodation or conspiracy in restraint of trade or commerce is unlawful". It is with consideration of this rule of law that prohibits restraints on trade that employment agreements under Subchapter E of Chapter 15 of the Texas Business & Commerce Code are analyzed. In fact, Section 15.50 of the Texas Business & Commerce Code specifically references Section 15.05 of the Texas Business & Commerce Code and the fact that contracts in restraint of trade are (absent some statutory authority to the contrary) illegal.

### Requirements of Subchapter 15, Subchapter E, of the Texas Business & Commerce Code

5.     Section 15.50 of the Texas Business & Commerce Code provides that "a covenant not to compete is enforceable if it is ancillary to a part of an otherwise enforceable agreement at the time the agreement is made **to the extent** that it contains limitations as to time, **geographical area**, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the good will or other business interests of the promisee". Given the fact that Subchapter E and the enforceability of non-compete provisions are to be read and construed in light of the provisions of Section 15.05 which provides generally that all contracts in restraint of trade are illegal, it is clear that a covenant not to compete and its compliance with Section 15.50 is to be strictly construed. Further, Section 15.52 of the Texas Business & Commerce Code provides that "the criteria for enforceability of a covenant not to compete provided by Section 15.50 of this Code and the procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this Code are **exclusive and preempt** any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise". Once again, it is clear that the Legislature intended Courts

3

interpreting and determining the enforceability of covenants not to compete to require **strict compliance** with Section 15.50 of the Texas Business & Commerce Code.

      6.    The requirements of an enforceable covenant not to compete under Section 15.50 of the Texas Business & Commerce Code are basically broken down into two basic requirements.  First and foremost, the covenant must be ancillary to or part of an otherwise enforceable agreement at the time the agreement is made.  It is this provision that has been the subject of most of the case law interpreting Section 15.50 since the inception of such statute.  However, the second requirement is one that is equally applicable, if not more applicable, to the Court's determination of the covenant not to compete provisions contained within the Agreement made the basis of the instant litigation.  This second requirement for a covenant not to compete to be enforceable under Texas law is that **the covenant must contain limitations as to time, geographical area, and the scope of activity to be restrained that are reasonable and do not impose a greater restraint that is necessary to protect the good will or other business interests of the promisee.**  It is clear from a reading of Section 15.50 that a contract, in order to be in compliance with the statutory requirements, must comply fully and completely with both of the requirements detailed hereinabove.  Even if you assume that a covenant not to compete complies with the first requirement (i.e. that the covenant is ancillary to or part of an otherwise enforceable agreement), in order for the agreement to be in compliance with Section 15.50 and therefore, enforceable, it must also comply fully with the second requirement (i.e. the agreement must contain limitations as to time, **geographical area,** and scope of activity to be retrained).  If the agreement does not meet both of these requirements, it is not in compliance with Section 15.50 of the Texas Business & Commerce Code and in compliance with Section 15.52 of the Texas Business & Commerce Code, and in light of the obligation to read the covenant not to compete in compliance with Section 15.05 of the Texas Business & Commerce Code, the agreement will be unenforceable as a matter of law.

7.      Section 15.51 does provide for an opportunity for a Court to reform a covenant not to compete **IF the covenant not to compete otherwise complies with Section 15.50**, but that the restrictions as to (i) time, (ii) geographical area, and/or (iii) activity to be restrained are deemed to be unreasonable (i.e. impose a greater restraint that is necessary to protect the business interests of the employer).  However, before a Court can utilize the reformation provisions contained within Section 15.51, it must **first determine** that the agreement has complied with Section 15.50.  If the agreement does not comply with Section 15.50, then the Court is not authorized to reform or modify the contract.  For example, if the agreement does not comply with requirement one detailed hereinabove (i.e. the covenant not to compete is ancillary to a part of an otherwise enforceable agreement), then the Court is not authorized to reform or modify same.  Further, if the agreement does not provide for limitations as to time, geographical area, **AND** activity to be restrained, then the agreement is not in compliance with Section 15.50 and is not subject to reformation incident to Section 15.51 of the Texas Business & Commerce Code.  It is clear, from a strict reading of the statutory authority, that a non-compete agreement, to be in compliance with Section 15.50, **must contain all three limitations**, including, without limitation, a limitation in regard to the geographical area in which the covenant not to complete is enforceable.  Absent same, the agreement is not in compliance with Section 15.50 and is not subject to reformation by Section 15.51 of the Texas Business & Commerce Code.

### Tracer / Tyco Non-Compete Agreement

8.      The non-compete provisions made the basis of Plaintiff's request for declaratory judgment are contained within that certain Agreement executed by Matthew Cole Leath in conjunction with his acceptance of employment with Tracer/Tyco, an exemplary copy of which Agreement is attached hereto as Exhibit "A" and incorporated herein for all purposes.  This Agreement, entitled "Tracer Construction Company Employee Confidentiality and Non-Competition Agreement", and referred to hereinafter as the "Non-Compete Agreement", contains non-competition provisions as detailed in Section 12 of the Agreement.  As detailed

hereinabove, the enforceability of the Agreement is subject to compliance with Section 15.50 of the Texas Business & Commerce Code, including compliance with the two basic requirements of said provision which include (1) the fact that the covenant must be ancillary to or part of an otherwise enforceable agreement at the time the agreement was made and (2) the covenant must contain limitations as to time, geographical area, and scope of activity to be restrained. Even if we **assume** that the covenant not to compete is ancillary to or part of an otherwise enforceable agreement (which Plaintiff disputes), the Agreement clearly and unequivocally does not comply with the second requirement that it contains limitations as to time, geographical area, and scope of activity to be restrained. While the Agreement does contain limitations as to time (12 months after termination of employment), and while it attempts to contain limitations as to scope of activity to be restrained (defined within the Agreement as the "competing business"), it contains absolutely **NO LIMITATIONS OF ANY KIND as to geographical area**. The fact that it contains no limitations, of any kind, as to geographical area clearly and unequivocally makes the Agreement non compliant with Section 15.50 of the Texas Business & Commerce Code. Since the Agreement is non compliant with Section 15.50 of the Texas Business & Commerce Code, it is not subject to the reformation provisions detailed within Section 15.51 of the Texas Business & Commerce Code. More particularly, Section 15.51 of the Texas Business & Commerce Code, including particularly subpart (c) of said provision, does authorize a Court to reform a covenant not to compete, however, it is not authorized to reform said agreement **unless the agreement otherwise complies, fully and completely**, with Section 15.50, but for the fact that the limitations as to time, geographical area and/or activity to be retrained are deemed potentially unreasonable and/or excessive. If there are no limitations as to time, geographical area or activity to be restrained, there is no provision to be "reformed" by the Court and therefore, the Agreement is not subject to reformation. More particularly, Section 15.51 of the Texas Business & Commerce Code provides that "if the covenant is found to be ancillary to or part of an otherwise enforceable agreement, **but contains limitations** as to time,

6

**geographical area**, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the good will of the business interests of the promisee, the Court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, **geographical area**, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the good will of the business interests of the promisee".  The uncontroverted problem with the Tracer/Tyco Non-Compete Agreement is that it contains absolutely no limitation as to geographical area and therefore, not only is it not in compliance with Section 15.50 of the Texas Business & Commerce Code, it therefore, is also not subject to judicial reformation as may otherwise be authorized under Section 15.51 of the Texas Business & Commerce Code.

### Conclusion

9. In conclusion, Plaintiff, Matthew Cole Leath, would show that the non-competition provisions contained within that certain "Employee Confidentiality and Non-Competition Agreement" attached hereto as Exhibit "A" are not in compliance with Section 15.50 of the Texas Business & Commerce Code and that the failure of said agreement to comply with said statutory authority, in light of the strict construction required of said provision, requires that the Court rule, as a matter of law, that the Agreement is unenforceable, as a matter of law, and that the Agreement is not subject to reformation by the Court due to the fact that there are no geographical limits for the Court to reform.  In light of the foregoing, Plaintiff would show that he is entitled to a declaratory judgment, as a matter of law, that the non-competition provisions contained within the Agreement attached hereto as Exhibit "A" are unenforceable as to Plaintiff as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that after notice and an opportunity to respond, the Court grant Plaintiff's Motion for Partial Summary Judgment in all respects, that the Court issue a declaratory judgment that the non-competition provisions contained within the Agreement attached hereto as Exhibit "A" are unenforceable as to Plaintiff,

Matthew Cole Leath, as a matter of law, and that Plaintiff be granted such other and further relief, at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

McPHERSON, HUGHES, BRADLEY,
WIMBERLEY, STEELE & CHATELAIN, L.L.P.
3120 Central Mall Drive
Port Arthur, TX  77642
(409) 724-6644
(409) 724-7585 - Facsimile

BY:_____
    JAMES E. WIMBERLEY
    Texas Bar No. 21750350

ATTORNEYS FOR PLAINTIFF,
MATTHEW COLE LEATH

## CERTIFICATE OF CONFERENCE

    I hereby certify that a conference has been held on the merits of Plaintiff's Motion for Partial Summary Judgment, with results as follows:

___     I have been unsuccessful in my attempts to contact opposing counsel.

___     I have been unsuccessful in my attempts to discuss this matter with Defendants' counsel, as said attorney has not returned my telephone calls or responded to my letter.

_X_     This matter has been discussed with opposing counsel and the Motion is opposed by both Defendants.

___     Opposing counsel has agreed or is unopposed to Plaintiff's request under this Motion.

_____
JAMES E. WIMBERLEY

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has this the 14th day of April, 2009, been forwarded via Electronic Filing to the attorneys for the Defendant, Ms. Carolyn Russell.

                                                    JAMES E. WIMBERLEY