**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MATTHEW COLE LEATH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:08-CV-358 |
| | § | |
| TRACER CONSTRUCTION COMPANY and | § | |
| TYCO THERMAL CONTROLS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court are Plaintiff Matthew Cole Leath's ("Leath") Motion for Partial Summary Judgment (#25) and Defendants Tracer Construction Company ("Tracer") and Tyco Thermal Controls, LLC's ("Tyco") (collectively, "Tracer") Amended Motion for Partial Summary Judgment (#33). The parties' cross-motions seek a determination as to the enforceability of a covenant not to compete signed by Leath when he began his employment with Tracer. Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that partial summary judgment in favor of Leath is warranted.

I.    Background

Tracer, a wholly owned subsidiary of Tyco, is an engineering and construction firm that provides heat management solutions for the industrial, commercial, and residential construction industries. These services include electrical heat tracing, wiring, sensing, leak detection, specialty heating, temperature measurement, and floor heating applications. On September 8, 2004, Tracer hired Leath as the East Texas Area Sales Manager. On the same day, Leath signed an Employee Confidentiality and Non-Competition Agreement ("Employment Agreement"), which

contained, among other things, a non-competition provision prohibiting Leath from working for or starting a competing business during the twelve months immediately following his departure from Tracer.  Leath resigned from Tracer on or about May 15, 2008.

On May 16, 2008, Leath filed his Original Petition and Application for Declaratory Relief against Tracer in the 128th District Court of Orange County, Texas.  Tracer timely removed the case from state court to federal court on the basis of diversity jurisdiction on June 27, 2008. Subsequently, Tracer filed its amended answer and a counterclaim seeking declaratory relief and requesting damages for Leath's alleged breach of the Employment Agreement.  Specifically, Tracer states that "Leath has engaged or is engaging in a competing business in violation of the Agreement."

On April 14, 2009, Leath filed his motion for partial summary judgment, requesting a declaratory judgment that the covenant not to compete is unenforceable as a matter of law.  Leath points out that the covenant does not contain a geographical limitation as required by Section 15.50 of the Texas Business and Commerce Code and argues that it constitutes an unreasonable restraint on trade.  Tracer filed its amended motion for partial summary judgment on May 5, 2009, seeking a declaratory judgment that the covenant not to compete is enforceable as written, or alternatively, requesting that the court reform the covenant as necessary to make it enforceable under Texas law.[1]

---

[1] In its response to Leath's motion for partial summary judgment, Tracer moves to strike Exhibit A, a copy of the Employment Agreement that is attached to Leath's motion, on the basis that the document is unauthenticated and unsworn and therefore inadmissible.  The court will not consider Tracer's motion to strike as it does not comply with Local Rule CV-7, which requires that "[a]ll motions, unless made during a hearing or trial, shall be in writing, filed as a separate document . . . ."  LOCAL RULE CV-7.  The court notes that Tracer attached an authenticated and sworn copy of the same Employment Agreement to its response.  The documents are identical.

II.    <u>Analysis</u>

A.    <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'" *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248); *accord Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th

---

Tracer also urges the court to consider its Statement of Undisputed Facts without regard to Leath's objection or reply because he failed to comply with Local Rules CV-7 and CV-56 as well as Standing Order MC-56, when he did not offer his own Statement of Undisputed Facts in his motion for partial summary judgment.  Neither parties' account of the facts differ materially with respect to the covenant not to compete, and any factual inferences that need to be drawn from the pleadings are not necessary to rule on the instant motions.  Therefore, the court declines to address this argument for purposes of the pending cross-motions for summary judgment.

Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord EMCASCO Ins. Co. v. American Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454; *Harken Exploration Co.*, 261 F.3d at 471. The moving parties, however, need not negate the elements of the nonmovants' case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996);

4

*see Reeves*, 530 U.S. at 150; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Harken Exploration Co.*, 261 F.3d at 471.  The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor.  *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990) (citing *Anderson*, 477 U.S. at 255); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003); *Martinez*, 338 F.3d at 411; *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815 (2003).

Furthermore, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'"  *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1012 (2d Cir. 1989)).  "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted."  *Id.* at 468-69.  The nonmovant's burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence."  *Little*, 37 F.3d at 1075 (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540.  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown*, 337 F.3d at 541; *accord Hugh Symons Group, plc v. Motorola, Inc.*,  292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950

(2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

Summary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

As provided for in subdivisions (a) and (b) of Rule 56 of the Federal Rules of Civil Procedure, any party may move for summary judgment without regard to whether the movant is a claimant or a defending party. FED. R. CIV. P. 56 (a)-(b). On cross-motions for summary judgment, the court examines each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *White Buffalo Ventures, LLC v. University of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005); *accord Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). Cross-motions for summary judgment will not, in and of themselves, warrant the granting of summary judgment unless one of the parties is entitled to judgment as a matter of law. *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980); *Bricklayers, Masons, & Plasterers Int'l Union of Am. v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975). The rationale for this rule is that each party may move for summary judgment using different legal theories that rely upon different sets of material facts. *Id.*

Nonetheless, cross-motions for summary judgment may be probative of the absence of a factual dispute when they reveal a basic agreement concerning what legal theories and material facts are dispositive.  *See* FED. R. CIV. P. 56(c); *see also Bricklayers, Masons, & Plasterers Int'l Union of Am.*, 512 F.2d at 1023.

      B.      <u>Enforceability of the Covenant Not to Compete</u>

In the instant case, Leath asserts that the covenant not to compete is unenforceable because it does not contain a geographical limitation as required by Section 15.50(a) of the Texas Business and Commerce Code.  Tracer responds that although the covenant lacks an express geographical limitation, its use of the term "Competing Business" is a reasonable substitute.  Alternatively, Tracer argues that assuming the term "Competing Business" is not a reasonable substitute, the court has a duty to reform the covenant to include a reasonable geographical limitation pursuant to Section 15.51(c) of the Texas Business and Commerce Code.

By statute, Texas law deems "every contract, combination, or conspiracy in restraint of trade or commerce" to be unlawful.  TEX. BUS. & COM. CODE ANN. § 15.05(a); *Olander v. Compass Bank*, 363 F.3d 560, 565 (5th Cir. 2004); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 658 (Tex. App.—Dallas 1992, no writ) (citing *Martin v. Linen Sys. for Hosps., Inc.*, 671 S.W.2d 706, 709 (Tex. App.—Houston [1st Dist.] 1984, no writ)).  "Covenants not to compete are restraints on trade, and unenforceable as a matter of public policy unless they are reasonable restraints."  *Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 298 (Tex. App.—Beaumont 2004, no pet.) (citing *John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 85 (Tex. App.—Houston [14th Dist.] 1996, writ denied)); *see Zep Mfg. Co.*, 824 S.W.2d at 660 (citing *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 662 (Tex. 1990)).

Determining whether a covenant not to compete is a reasonable restraint of trade is a question of law for the court. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, ____ S.W.3d ____, ____, No. 07-0490, 2009 WL 1028051, at *4 (Tex. Apr. 17, 2009) (citing *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 644 (Tex. 1994)); *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 388 (Tex. 1991).

The Texas Business and Commerce Code provides the statutory requirements for a valid non-compete agreement:

> [A] covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

TEX. BUS. & COM. CODE ANN. § 15.50(a); *see TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp. 2d 742, 752 (S.D. Tex. 2009); *Fielding*, 2009 WL 1028051, at *4; *Alex Sheshunoff Mgmt. Servs., LP v. Johnson*, 209 S.W.3d 644, 648 (Tex. 2006). "Two initial inquiries must be made when determining whether an enforceable covenant not to compete has been created under section 15.50:  (1) is there an 'otherwise enforceable agreement,' and (2) was the covenant not to compete 'ancillary to or part of' that agreement at the time the otherwise enforceable agreement was made." *Fielding*, 2009 WL 1028051, at *4 (citing *Light*, 883 S.W.2d at 644).  The next inquiry is whether the covenant is reasonable in scope as to time, activity, and geographic area.  *See TransPerfect Translations, Inc.*, 594 F. Supp. 2d at 753; *Alex Sheshunoff Mgmt. Servs.*, 209 S.W.3d at 648.

Here, the covenant not to compete contained in the Employment Agreement provides:

12.     Non-Competition.  I agree, subject to the conditions hereinafter stated, that I will not, within twelve months after leaving Tracer Construction Company's

8

employ, engage or enter into employment by, or into self-employment or gainful occupation, as a Competing Business, or act directly or indirectly as an advisor, consultant, agent, or representative for a Competing Business.  As used herein, "Competing Business" means a business (1) which is engaged in the manufacture, sale or other disposition of a product or service that is in direct competition with a product or service, whether existing or under development, of Tracer Construction Company; (2) which has under development a product or service that is in direct competition with a product or service, whether existing or under development, of Tracer Construction Company, or (3) which involves activities that would likely result in my eventual disclosure of Tracer Construction Company Confidential Information if I were employed by said business.

A cursory review of the covenant reveals that there is no express geographical limitation. Consequently, Leath argues that the covenant, completely lacking a geographical restriction, is an unreasonable restraint of trade.  While Tracer acknowledges that the covenant as written lacks an explicit geographical limitation, it contends that the use of the term "Competing Business" provides an adequate substitute.  Tracer asserts that Texas law recognizes that a customer-based or competing-business restriction can serve as an acceptable substitution for an express geographical location and maintains that the covenant at issue meets this standard because it applies only to competing businesses.

In support of its contention, Tracer cites to *Stocks v. Banner American Corp.* in which a Texas court of appeals held that the use of a list of existing customers was an acceptable alternative to setting a specific geographical limitation.   599 S.W.2d 665, 668 (Tex. App.—Texarkana 1980, no writ) (citing *Toch v. Eric Schuster Corp.*, 490 S.W.2d 618, 622 (Tex. Civ. App.—Dallas 1972, writ ref'd n.r.e.) (upholding a covenant that was reformed to include a specific list of firms and customers and to limit the geographic area to Dallas and Tarrant counties); *Arrow Chem. Corp. v. Anderson*, 386 S.W.2d 309, 314 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.) (enforcing a covenant that was reformed to include a list of names and addresses

of specific accounts the employee was prohibited from contacting)).  Tracer also contends that the covenant not to compete is analogous to the restriction upheld in *American Express Financial Advisors v. Scott*, 955 F. Supp. 688 (N.D. Tex. 1996).  In *Scott*, the court held that a noncompetition covenant was reasonable when it restricted a former employee from soliciting former customers with whom he had prior dealings within the territory where he had worked.  *Id.* at 693.

*Stocks* and the line of cases it follows stand for the proposition that a finite list of specific clients or customers can serve as an acceptable substitute for a geographical limitation.  599 S.W.2d at 668.  In *Scott*, the covenant merely restricted the employee from soliciting and serving the clients whom he had previously served.  955 F. Supp. at 692.  In these cases, the covenants did not impose any restriction on the employee preventing him from pursuing new business previously unclaimed by the employer.  As to potential clients and previously unclaimed customers, the former employee was free to knock on any door, dial any phone number, and send a letter to any mailbox.  The only effect of these covenants was to prevent the employee from poaching the employer's existing client base.

Contrary to Tracer's argument, the covenant in the instant case is not analogous.  Here, the covenant not to compete is not limited to a finite list of specific competitors or an existing client base.  Rather, it places a generalized restriction on engaging in activities that have an actual or potential competitive effect on Tracer in any locale now or in the future.  It prohibits the employee from working for companies that are not current competitors of Tracer.  Essentially, the covenant operates prospectively by including businesses that may become competitors after the employee has left Tracer without any geographic scope.  In this regard, the covenant is overbroad

10

and unreasonable.  *See Goodin v. Jolliff*, 257 S.W.3d 341, 351-52 (Tex. App.—Fort Worth 2008, no pet.) (citing *Stone v. Griffin Comm'ns & Sec. Servs., Inc.*, 53 S.W.3d 687, 695 (Tex. App.—Tyler 2001, no pet.); *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 793-94 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 119-20 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *see also Haass*, 818 S.W.2d at 388; *Wright*, 137 S.W.3d at 298.  Thus, the court finds that the covenant not to compete violates Section 15.50(a) of the Texas Business and Commerce Code and, therefore, is unenforceable as a matter of law.

C.    Reformation

In the alternative, Tracer argues that assuming the covenant is found to be unenforceable as written, the absence of geographical parameters is not fatal; rather, the court has a duty to reform the covenant.[2]  Leath responds that reformation is available only when a covenant not to compete contains express limitations that are unreasonable.  Because the covenant at issue does not contain an explicit geographical limitation, Leath contends that there is nothing to reform.  The court disagrees.

Section 15.51(c) of the Texas Business and Commerce Code requires a court to reform an overbroad covenant not to compete if it is unreasonable in scope.  *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 297 n.19 (5th Cir. 2004) (citing Tex. Bus. & Com. Code Ann. § 15.51(c));

---

[2] Tracer suggests that the Golden Triangle region of southeast Texas is a suitable geographical limitation.  This area includes the cities of Beaumont, Orange, and Port Arthur, along with the area contained within the triangle created by the three aforementioned cities.

11

*TransPerfect Translations*, 594 F. Supp. 2d at 756; *Fielding*, 2009 WL 1028051, at *9; *Zep Mfg. Co.*, 824 S.W.2d at 661.  Specifically, Section 15.51(c) provides:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.

Tex. Bus. & Com. Code Ann. § 15.51(c).  Reformation is particularly necessary "when no territory has been clearly identified and defined."  *Courtroom Sciences, Inc. v. Andrews*, No. 3:09-CV-251-O, 2009 WL 1313274, at *11 (N.D. Tex. May 11, 2009); *see B.J. Software Sys., Inc. v. Osina*, 827 S.W.2d 543, 546 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that, at defendant's request, the trial court had a duty to reform a covenant that lacked geographical parameters); *Zep Mfg. Co.*, 824 S.W.2d at 660-61 (same).

While reformation would generally be an appropriate remedy for a covenant such as the one at bar, the court nonetheless declines to exercise this remedy because the term of the covenant has already expired.  The covenant at issue was effective for only twelve months following Leath's resignation on May 15, 2008.  Thus, it ceased to be operative on May 16, 2009, prior to the date of this ruling.[3]  Consequently, reformation of the covenant would be a futile exercise because

---

[3] Neither party disputes that the duration of the covenant is reasonable.  Assuming the argument had been raised, the court would have found the temporal limitation to be reasonable.  *See Scott*, 955 F. Supp. at 692–93 (upholding a one-year duration as reasonable); *Stone*, 53 S.W.3d at 694 (upholding a five-year period); *Property Tax Assocs., Inc. v. Staffeldt*, 800 S.W.2d 349, 350–51 (Tex. App.—El Paso 1990, writ denied) (upholding a two-year restriction); *Webb v. Hartman Newspapers, Inc.*, 793 S.W.2d 302, 305 (Tex.

prospective injunctive relief is not available and any changes would be inoperative. *See Juliette Fowler Homes, Inc.*, 793 S.W.2d at 663 n.6; *Daytona Group of Tex., Inc. v. Smith*, 800 S.W.2d 285, 290 (Tex. App.—Corpus Christi 1990, writ denied).

Nor is it necessary to reform the covenant to determine the extent of damages. "It is well settled that for purposes of an action for damages, the enforceability of the covenant not to compete will be determined as written and may not be modified to make it reasonable and enforceable." *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 178 (5th Cir. 1991) (citing *Juliette Fowler Homes, Inc.*, 793 S.W.2d at 663); *see Frankiewicz v. National Comp. Assocs.*, 663 S.W.2d 505, 507 (Tex. 1982); *Butler*, 51 S.W.3d at 796 (holding that the trial court did not err when it precluded money damages for breach of a covenant not to compete prior to reformation); *Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 762 (Tex. App.—Texarkana 1996, *rev'd in part and aff'd in part by United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146 (Tex. 1997)). Section 15.51(c) of the Texas Business and Commerce Code prohibits the award of money damages based on a breach of a covenant not to compete prior to reformation:

> A court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.

TEX. BUS. & COM. CODE ANN. § 15.51(c); *Vais Arms, Inc.*, 383 F.3d at 295 n.19; *Wright*, 137 S.W.3d at 298. Hence, although a covenant may be reformed, a party cannot be made retrospectively liable for a breach of the covenant prior to reformation. *See Butler*, 51 S.W.3d at 796 (citing *General Devices v. Bacon*, 888 S.W.2d 497, 503 (Tex. App.—Dallas 1994, no

App.—Houston [14th Dist.] 1990, no writ) (upholding a three-year limitation).

writ)); *see also Weatherford Oil Tool Co. v. Campbell*, 340 S.W.2d 950, 953 (Tex. 1960)

("[S]ince the contract does not contain a reasonable territorial limitation, there is no legal basis

for an award of damages for breach of the same.").

Accordingly, the court finds that the covenant not to compete is unenforceable as written

and, therefore, all claims relating to the covenant are effectively resolved.[4]  Tracer may not be

awarded injunctive relief because the contractual obligations encompassed within the covenant

have expired, rendering any injunction claim moot.  *See Leon's Fine Foods, Inc. v. McClearin*,

No. 05-97-01198-CV, 2000 WL 277135, at *1 (Tex. App.—Dallas Mar. 15, 2000, no pet.)

("Once the non-competition period ends, the trial court's ability to enforce the covenant by

injunction becomes moot.") (citing *Rimes v. Club Corp. of Am.*, 542 S.W.2d 909, 912 (Tex. Civ.

App.—Dallas 1976, writ ref'd n.r.e.)); *see also Zep Mfg. Co.*, 824 S.W.2d at 661.  Additionally,

because the court may not award damages for a breach of the covenant prior to reformation,

---

[4] This includes a claim by Leath for attorney's fees.  In his original petition, Leath requested that
the court award attorney's fees pursuant to Chapter 37 and Section 38.001 of the Texas Civil Practice and
Remedies Code.  Leath initiated this action in Texas state court under the Texas Declaratory Judgment Act
("TDJA"), which authorizes an award of attorney's fees.  *See* TEX. CIV. PRAC. & REM. CODE ANN.
§ 37.009.  Nonetheless, "'a party may not rely on the Texas DJA to authorize attorney's fees in a diversity
case because the statute is not substantive law.'"  *Olander*, 363 F.3d at 567-68 (quoting *Utica Lloyd's of
Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  Consequently, Leath is foreclosed from recovering
attorney's fees under this statute in the instant case.
    Moreover, Texas law precludes an award of attorney's fees under section 38.001 when, as here,
the prevailing party does not recover damages on a contract claim.  *See Green Int'l, Inc. v. Solis*, 951
S.W.2d 384, 390 (Tex. 1997); *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 489 (Tex. App.—Houston
[1st Dist.] 2006, pet. denied); *see also Meineke Disc. Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993)
(citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8)); *Matthews & Assocs., Inc. v. Purcell Sys., Inc.*,
No. 3:08-CV-1142-N, 2008 WL 4570063, at *2 (N.D. Tex. Oct. 1, 2008); *Ryan Energy Techs. v. CDG-
MWD GP, L.L.C.*, No. H-04-3135, 2006 WL 213916, at *7 (S.D. Tex. Jan. 27, 2006).  Hence, any claim
by Leath for attorney's fees would be without basis under Texas law and, thus, not cognizable by this
court.

Tracer is not entitled to damages for Leath's alleged breach of the covenant.  *See Butler*, 51 S.W.3d at 796.

III.    Conclusion

Based on the foregoing analysis, the covenant not to compete contained in the Employment Agreement is unenforceable as a matter of law because it fails to meet the requirements of Section 15.50(a) of the Texas Business and Commerce Code.  Furthermore, because the covenant has already expired and reformation would not entitle Tracer to monetary damages if damages could be proved, reformation of the covenant as contemplated by Section 15.51(c) is unwarranted. Accordingly, Leath's motion for partial summary judgment is granted, and Tracer's motion for partial summary judgment is denied in part.

SIGNED at Sherman, Texas, this 18th day of August, 2009.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE